# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-00192-KDB

| | |
|---|---|
| VANCE CAULKINS, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner, Social Security Administration,[1] <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Vance Caulkins's Motion for Summary Judgment (Doc. No. 7) and Defendant's Motion for Summary Judgment (Doc. No. 10), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision denying Mr. Caulkins's application for a period of disability and disability insurance benefits under Title II of the Social Security Act.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Mr. Caulkins applied for disability benefits on January 23, 2012, alleging disability

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

beginning December 1, 2010. (Tr. at 129-35; 836). [2] His application was denied at the initial and reconsideration levels. (Tr. at 78, 88, 836). After conducting a hearing on September 12, 2013, Administrative Law Judge ("ALJ") John L. McFadyen denied his application in a decision dated October 22, 2013. (Tr. at 14-25, 836). The Appeals Council denied his request for review. (Tr. at 1, 836). Mr. Caulkins appealed his claim to the United States District Court on March 13, 2015. (Tr. at 975-78). The District Court remanded the claim back to the Appeals Council ("AC") in an order dated December 11, 2015. (Tr. at 979-90).[3] The AC directed the ALJ to provide Mr. Caulkins the opportunity for a new hearing, to take any further action needed to complete the administrative record, and to issue a new decision. (Tr. at 993, 836).

On December 13, 2016, the ALJ held a hearing in accordance with the AC's mandate. (Tr. at 860-892). In a decision dated January 31, 2017, the ALJ determined that Mr. Caulkins was not disabled under sections 216(i) and 223(d) of the Social Security Act from December 1, 2010, through December 31, 2014, the last date insured. (Tr. at 853). The AC denied Mr. Caulkins's request for review of the January 2017 decision. (Tr. at 820-23). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Caulkins has requested judicial review.

For the reasons stated below, the Court affirms the decision of the Commissioner.

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Caulkins was disabled under the law during the

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] The Court's decision was based on the ALJ's failure to perform a function-by-function analysis, making it unclear to the district court how the medical evidence of record supported a finding that Mr. Caulkins was capable of performing the full range of sedentary work for a full workday.

2

relevant period. [4] At step one, the ALJ found that Mr. Caulkins had not engaged in substantial gainful activity during the period from his alleged onset date of December 1, 2010 through his date last insured on December 31, 2014. (Tr. at 838, Finding 2). At step two, the ALJ found that Mr. Caulkins had the following severe impairments: status-post left inguinal hernia repair, recurrent left inguinal hernia, and neuritis of the ilioinguinal nerve. (Tr. at 838, Finding 3). The ALJ considered Mr. Caulkins's impairments under listings in 20 CFR Part 404, Subpart P, Appendix 1, at step three and found that they did not meet or medically equal any listing. (Tr. at 845, Finding 4).

The ALJ, at step four, found that Mr. Caulkins has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). (Tr. at 845). The ALJ further found that while Mr. Caulkins was unable to perform any past relevant work, considering his age, education, work experience, and RFC, he could have performed other jobs that exist in significant number in the national economy through the date last insured. (Tr. at 852, Finding 6 & Finding 10).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

---

[4] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

3

Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Mr. Caulkins argues that the ALJ's decision is not supported by substantial evidence based on four assignments of error. First, Mr. Caulkins asserts that the ALJ failed to properly evaluate the Department of Veterans' Affairs ("VA") rating decision under *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012). Second, he contends that the ALJ erroneously relied on the medical-vocational grids ("Grids") to determine that Mr. Caulkins was not disabled. Third, Mr. Caulkins purports that the ALJ improperly evaluated the opinion evidence that suggested his limitations were greater than what the ALJ found. Fourth, Mr. Caulkins argues that the ALJ failed to find his mental impairments severe despite evidence to the contrary.

A. The ALJ properly evaluated the VA's decision.

Mr. Caulkins' first challenge to the ALJ's decision is that the ALJ improperly determined that the VA's finding of 100% disability is not entitled to "substantial weight" as required by *Bird*. 699 F.3d 337. The ALJ considered the VA's ruling, and after noting he is not bound by the ruling, gave it little weight. The ALJ explained his decision, writing: "Based on the clinical evidence of record, as well as, the claimant's array of daily activities, the undersigned finds that although limiting, the claimant's impairments do not preclude all work. For our proceeding, the finding of disability is reserved for the Commissioner." (Tr. at 851).

The Fourth Circuit held in *Bird* that "the [Commissioner] must give substantial weight to a VA disability rating" in making a disability determination. 699 F.3d at 343. However, under the regulations implementing the Social Security Act, although the Commissioner should accept another agency's disability determination as evidence of a claimant's condition, that agency's decision is not binding on the social security administration. 20 C.F.R. §§ 404.1504, 404.1512(b)(5); *Bird*, 699 F.3d at 343. "[B]ecause the [social security administration]

employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs will likely vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Bird*, 699 F.3d at 343. "[I]n order to demonstrate that it is appropriate to accord less than substantial weight to [a VA's decision], an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018).

The Court finds there is substantial evidence to support the ALJ's evaluation of the VA's decision. The Court "must read the ALJ's decision as a whole," and findings in one step can support findings in subsequent steps of the analysis. *Keene v. Berryhill*, No. 17-1458, 2018 WL 2059514, at *3 (4th Cir. May 2, 2019). The ALJ's persuasive, specific, and valid reasons for discounting the VA's decision can be found in his thorough analysis at step two and his RFC determination. Specifically, the ALJ's findings that Mr. Caulkins was "able to engage in a wide array of daily activities," that his mental impairments were not severe, and that his physical impairments could be managed by medication, support the conclusion that deviation from the VA's ruling is appropriate. (Tr. at 851, 838, 847). While it may be beneficial for the ALJ to give a more thorough discussion of his reasons during his evaluation of the VA ruling, the Court finds that, in reading the decision as a whole, the Commissioner has met the standard under *Bird*.

B. The ALJ did not err by relying on the Grids to determine that Mr. Caulkins is not disabled.

Next, Mr. Caulkins contends that he suffers from nonexertional impairments, precluding the ALJ from relying on the Grids in making a disability determination. Hence, he argues that a vocational expert should have been called to testify.

6

If the claimant has no nonexertional impairments that prevent him from performing the full range of work at a given exertional level, the Commissioner may rely solely on the Grids to satisfy his burden of proof at step five. *Aistrop v. Barnhart*, 36 Fed. Appx. 145, 146 (4th Cir. 2002) (citing to *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987); *Gory v. Schweiker*, 712 F.2d 929, 903-31 (4th Cir. 1983)). The Grids are dispositive of whether a claimant is disabled only when the claimant suffers from purely exertional impairments. In the case of a claimant who suffers from nonextertional impairments, or a combination of exertional and nonexertional impairments that prevent him from performing a full range of work at a given exertional level, the Grids may be used only as a guide. In such a case, the Commissioner must prove through expert vocational testimony that jobs exist in the national economy which the claimant can perform. 20 C.F.R. § 404.1569a (2001); *Aistrop*, 36 Fed. Appx. At 147 (citing *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989)). A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category. *Gory*, 712 F.2d at 930. Nonexertional limitations generally affect an individual's ability to meet the nonstrength demands of jobs and include the ability to hold, grasp, kneel, stoop, and crouch. *Airstrop*, 36 Fed. Appx. At 146. Pain generally is a nonexertional malady, *Wilson v. Heckler*, 743 F.2d 218, 222 (4th Cir. 1984), but if it manifests itself only upon exertion and is consequently taken into account in the assessment of the claimant's strength, the Grids can suffice to shoulder the Commissioner's burden. *Walker*, 889 F.2d at 49.

Here, the ALJ found that Mr. Caulkins' RFC allowed him to perform the full range of sedentary work, or, in other words, his RFC was not reduced by any nonexertional factors. After

reviewing the ALJ's decision to find no nonexertional factors (see *infra*) and finding no error, the Court finds that the ALJ's reliance on the Grids is supported by substantial evidence.[5]

C. The ALJ properly evaluated the opinion evidence.

Mr. Caulkins argues that the opinions in the record "overwhelmingly and consistently support a finding of a disability." (Doc. No. 7-1, at 10). He relies on the opinions of Drs. Morton, Kelly, and Connelly to support his argument that the opinion evidence exhibits more limitations than the ALJ found.

"An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies, or has not given good reason for the weight afforded to a particular opinion." *Koonce v. Apfel*, 166 F.3d 1209, at *2 (4th Cir. 1999) (table) (citations omitted). A physician's opinion is afforded significantly less weight if it is not supported by clinical evidence or if it is inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(3), (4).

The ALJ gave Dr. Morton's opinion that placing Mr. Caulkins in a work setting would likely overwhelm his coping capabilities only some weight because it was not supported by either his own clinical evaluation notes nor other substantial evidence in the record. In evaluating Dr. Morton's opinion, the ALJ cited to the lack of documented evidence that social interaction or stress exacerbates the claimant's mental impairments as well as to claimant's own admission that his physical difficulties were his primary impairment. (Tr. at 844). Mr. Caulkins seemingly concedes

---

[5] The Court also finds that the ALJ properly assessed Mr. Caulkins' mental RFC, even in light of the holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The holding in *Mascio* applies when the ALJ finds that the claimant has moderate restrictions maintaining concentration, persistence, or pace. Here, the ALJ found that Mr. Caulkins had only mild limitation and found any mental impairments to be non-severe. *See, e.g.*, *Thorp v. Berryhill*, No. 3:16-cv-70, 2018 WL 325318, at *3-4 (W.D.N.C. Jan. 8, 2018) (distinguishing *Mascio* from the current case because the ALJ found Thorp had only mild difficulties in maintaining concentration, persistence, or pace).

8

to the absence of such evidence in the record by arguing that silence in the record is not necessarily an inconsistency. (Doc. No. 7-1, at 15). While true, the ALJ is not required to take silence as support for a doctor's opinion. *See* 20 C.F.R. §404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). In addition to a lack of explanation, Dr. Morton's opinion is speculative in that it only purports that a work setting "would likely" overwhelm Mr. Caulkins. *See Guest v. Colvin*, No. 1:15-cv-00776, 2016 WL 40007612, at *5 (M.D.N.C. July 26, 2016) (holding the ALJ did not err in his decision to discount a doctor's opinion for being speculative and citing to various cases that have held the same).

Similarly, Dr. Kelly filled out two questionnaires regarding Mr. Caulkins and his impairments. (Tr. at 818-19; 1226). After checking a box, or stating "yes," to the questions on the questionnaires, Dr. Kelly gave no support for his findings. Check-box or fill-in-the-blank forms are entitled to little weight because they are not supported by objective evidence in the record as required under 20 C.F.R. § 404.1527. *See, e.g.*, *Shannon v. Berryhill*, No. 1:17-cv-66, 2018 WL 1567368, at *4 (W.D.N.C. Mar. 30, 2018); *Williams v. Colvin*, No. 1:14-cv-18, 2015 WL 1000321, at *7 (W.D.N.C. Mar. 6, 2015). Such forms are "weak evidence at best." *Shannon*, 2018 WL 1567368, at *4 (quoting *Shelton v. Colvin*, 2015 WL 1276903, at *3 (W.D. Va. Mar. 20, 2015)). Dr. Kelly also indicated that the bases for his opinion was Mr. Caulkins' reported history. "The Fourth Circuit has held that an ALJ may give the medical opinion of a treating physician little weight if the opinion is based on the subjective complaints of the patient without sufficient evidence to substantiate their claims." *Owen v. Colvin*, No. 1:15-cv-115, 2016 WL 4373702, at *7 (W.D.N.C. Aug. 15, 2016). Thus, based on Dr. Kelly's lack of explanation and the basis of his opinion, the ALJ did not err in his evaluation of Dr. Kelly's opinion.

There is also substantial evidence to support the ALJ's finding to give Dr. Connelly's questionnaires little weight. (Tr. at 1105, 1227). The ALJ explains that Dr. Connelly's opinions are not supported by objective or clinical findings, nor are they consistent with the Mr. Caulkins' sporadic and conservative treatment. For example, in one questionnaire, Dr. Connelly does not record the basis for her opinion, despite being asked. In another questionnaire, it is not clear whether she is referring to Mr. Caulkins' depression or depression in general. (Tr. at 1105, 1227). The ALJ goes on to explain why Dr. Connelly's opinions are inconsistent with the record in detail. This Court's role is not to re-examine the medical evidence, but simply to assess if there is substantial evidence to support the ALJ's finding. Given the ALJ's reasoning on Dr. Connelly's opinion, the Court holds that there is substantial evidence to support a finding of little weight.

D. The ALJ did not err in concluding that Mr. Caulkins' mental impairments are nonsevere.

Mr. Caulkins's final assignment of error is that the ALJ's conclusion that Mr. Caulkins' mental impairments were not severe. The ALJ found that Mr. Caulkins' major depressive disorder did not cause more than a minimal limitation in his ability to perform basic mental work activities and is, therefore, nonsevere. (Tr. at 838). The ALJ goes on to explain this finding over the next six pages. (Tr. 838-45).

Perhaps the most persuasive reason in support of the ALJ's finding that Mr. Caulkins' mental impairments are nonsevere is that Mr. Caulkins' depression would improve with medication, yet he was non-complaint with a treatment regimen and often refused to take medication. It is the claimant's burden to show that he suffers from severe impairments, and there is substantial evidence to support the ALJ's finding that claimant has not met this burden when he has not complied with a treatment regimen. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.")

(citation omitted); 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work."); 20 C.F.R. § 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled, or, if you are already receiving benefits, we will stop paying you benefits."). Thus, the ALJ did not err in concluding that Mr. Caulkins' mental impairments are nonsevere.

## IV. CONCLUSION

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The decision of the ALJ, therefore, is hereby **AFFIRMED.**

**SO ORDERED.**

Signed: November 18, 2019

Kenneth D. Bell
United States District Judge